McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
225 Liberty Street
36th Floor
New York, New York 10281
 (973) 425-4174
*Attorneys for Plaintiff,*
*Westchester Fire Insurance Company*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WESTCHESTER FIRE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> DAVID MCWHORTER a/k/a BUEL D. MCWHORTER, DIANE MCWHORTER, DAVID LIPPMAN, ANGELA LIPPMAN a/k/a ANGIE D. LIPPMAN, HAROLD P. VICE, JOHN MANNINA, KATHY MANNINA, J. DOE(S) 1-10 (FICTICIOUS NAMES REPRESENTING UNKOWN INDIVIDUALS), and XYZ CORP(S) 1-10 (FICTICIOUS NAMES REPRESENTING UNKOWN CORPORATIONS) <br><br> Defendants. | Civil Action No.: 21-cv-558 <br><br><br> **COMPLAINT** |

Plaintiff, Westchester Fire Insurance Company, by way of Complaint against Defendants, David McWhorter a/k/a Buel D. McWhorter, Diane McWhorter, David Lippman, Angela Lippman a/k/a Angie D. Lippman, Harold P. Vice, John Mannina and Kathy Mannina ("Defendants"), alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332(a) in that this is an action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. This Court has personal jurisdiction over the Defendants pursuant to provisions recited in the below-referenced "Indemnity Agreement", which provides, among other things, that said "Indemnity Agreement" is deemed made in the State of New York, that all actions arising directly or indirectly from said "Indemnity Agreement" shall be litigated only in courts having status within the State of New York and that the Defendants consent to the personal jurisdiction of the federal courts located in the State of New York.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the below-referenced "Indemnity Agreement" provides, among other things, that said "Indemnity Agreement" is deemed made in the State of New York, that all actions arising directly or indirectly from said "Indemnity Agreement" shall be litigated only in courts having status within the State of New York and that the Defendants consent to the personal jurisdiction and venue of the federal courts located in the State of New York.

## THE PARTIES

4. At all relevant times hereinafter mentioned, plaintiff, Westchester Fire Insurance Company ("Westchester" or "SURETY"), organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania, was and is a corporation authorized to transact, and does so transact, business in the State of New York.

5. Upon information and belief, defendant, David McWhorter, also known as Buel D. McWhorter, is an individual residing at 2502 Bay Winds Court, Houston, Texas, 77059.

6. Upon information and belief, defendant, Diane McWhorter, is an individual residing at 2502 Bay Winds Court, Houston, Texas, 77059.

7. Upon information and belief, defendant, David Lippmann, is an individual residing at 101 Littlefield Drive, Lafayette, Louisiana 70508.

8. Upon information and belief, defendant, Angela Lippman, also known as Angie D. Lippman, is an individual residing at 101 Littlefield Drive, Lafayette, Louisiana 70508.

9. Upon information and belief, defendant, Harold P. Vice, is an individual residing at 149 Windermere Circle, Youngsville, Louisiana 70592.

10. Upon information and belief, defendant, John Mannina, is an individual residing at 612 Oak Manor Drive, New Iberia, Louisiana 70563.

11. Upon information and belief, defendant, Kathy Mannina, is an individual residing at 612 Oak Manor Drive, New Iberia, Louisiana 70563.

12. The Defendants shall hereafter be referred to collectively as "Indemnitors" or "INDEMNITORS".

## GENERAL ALLEGATIONS

**I. THE INDEMNITY AGREEMENT, THE BOND AND THE SALE**

13. In consideration of Westchester, as surety, to issue and/or execute bonds for, on behalf of or at the request of, among others, one or more of the Indemnitors, the Indemnitors, on or about August 30, 2019, executed a General Agreement of Indemnity in favor of Westchester, as indemnitee (the "Indemnity Agreement").

14. A true and accurate redacted copy of the Indemnity Agreement is attached hereto as **Exhibit A**.

15. Under the Indemnity Agreement, the Indemnitors are jointly and severally obligated to, among other things:

> pay or cause to be paid to the SURETY both the agreed premium and, upon written request by the SURETY at any time, collateral security for its suretyship until the INDEMNITORS shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond.

Ex. A., ¶¶ 1 and 12.

16. The Indemnity Agreement further provides that the Indemnitors are jointly and severally obligated to, among other things:

> … indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses ..., which SURETY shall at any time incur by reason of its execution of any Bond ….

Ex. A., ¶¶ 2 and 12.

17. Paragraph 10 of the Indemnity Agreement provides that:

> [t]he INDEMNITORS hereby represent and acknowledge that if any INDEMNITOR breaches its obligations set forth in paragraphs 1 or 2 of this [Indemnity] Agreement, the SURETY will have no adequate remedy at law, will suffer irreparable harm, and shall be entitled to injunctive relief enforcing the terms of such paragraphs, as well as a final decree, order or judgment granting SURETY specific performance of the terms of such paragraph.

Ex. A.

18. Paragraph 3 of the Indemnity Agreement provides:

> The INDEMNITORS shall continue to remain bound under the terms of this [Indemnity] Agreement even though the SURETY may have heretofore or hereafter, with or without notice to or knowledge of the INDEMNITORS, accepted or released other

4

> agreements of indemnity or collateral in connection with the execution or procurement of said Bonds, from the INDEMNITORS or others. The rights, powers and remedies given the SURETY under this [Indemnity] Agreement shall be and are in addition to and not in lieu of, any and all other rights, powers and remedies which the SURETY may have or acquire against the INDEMNITORS or others, whether by the terms of any agreement or by operation of law or otherwise.

19. On or about August 30, 2019, Westchester, as surety, on behalf of American Eagle Logistics, LLC and its affiliates, as principal(s) (collectively, "AEL"), executed an Obligation Bond, bearing bond number K1350023A (the "Bond"), in favor of certain insurance companies and their affiliates and subsidiaries, and/or any successor by operation of law, as obligee(s), in the penal sum amount of $7,000,000.00.

20. In connection with, among other things, the Indemnity Agreement, Westchester received, as partial collateral security for its suretyship, cash in the amount of $3,500,000.00.

21. In or about early September 2020, Westchester was informed that AEL and/or its affiliates had been purchased or sold substantially all assets of AEL and/or its affiliates ("Sale").

## II. THE INDEMNITORS' FAILURE TO DEPOSIT COLLATERAL

22. In or about early September 2020, Westchester sought details regarding who would receive and/or retain the proceeds of the Sale.

23. Westchester was not provided with details it sought regarding whom would receive and/or retain the proceeds of the Sale and such details remain outstanding as of the date of this Complaint.

24. In or about early September 2020, Westchester requested that one or more of the Indemnitors provide to Westchester collateral security in favor of Westchester in the form of cash or a letter of credit in the amount of $3,500,000.00 ("September Collateral Demand").

25. By correspondence from one of the Indemnitors dated September 8, 2020 ("September 8 Correspondence"), it was advised that the September Collateral Demand would be satisfied, with the first $1,000,000.00, to be provided to Westchester within 60 days of September 8, 2020, and the balance ($2,500,00.00) to be provided to Westchester within 90 days of September 8, 2020. *See* **Exhibit B**, *2, attached hereto.

26. Contrary to what Westchester was advised by way of the September 8 Correspondence, the Indemnitors did not provide Westchester with collateral in connection with the September Collateral Demand.

27. By letter dated December 15, 2020, Westchester requested that the Indemnitors, among others, by no later than December 31, 2020, provide Westchester with collateral security in the amount of $3,500,000.00, in the form of cash or an irrevocable letter of credit ("December Collateral Demand").

28. A true and accurate copy of the December Collateral Demand, excluding enclosures thereto, is attached hereto as hereto as **Exhibit B**.

29. As of the date of this Complaint, and despite request by Westchester, the Indemnitors, among other things, have failed and/or refused to pay or cause to be paid to Westchester the collateral security that Westchester has requested, the Indemnitors have failed and/or refused to comply with the September Collateral Demand and the Indemnitors have failed and/or refused to comply with the December Collateral Demand.

30. By reason of the foregoing, the Indemnitors have materially breached their joint and several obligations under the Indemnity Agreement.

# AS AND FOR A FIRST CAUSE OF ACTION
### (Specific Performance for Collateral Security)

31. Westchester repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

32. Pursuant to the first and twelfth paragraphs of the Indemnity Agreement, the Indemnitors are jointly and severally obligated to:

> pay or cause to be paid to the SURETY, …, upon written request by the SURETY at any time, collateral security for its suretyship until the INDEMNITORS shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond.

33. Paragraph 10 of the Indemnity Agreement provides:

> The INDEMNITORS hereby represent and acknowledge that if any INDEMNITOR breaches its obligations set forth in paragraph[ ] 1 … of this [Indemnity] Agreement, the SURETY will have no adequate remedy at law, will suffer irreparable harm, and shall be entitled to injunctive relief enforcing the terms of such paragraphs, as well as a final decree, order or judgment granting SURETY specific performance of the terms of such paragraph.

34. Westchester, as surety, executed the Bond on behalf of AEL, as principal(s).

35. To date, Westchester has not been furnished with competent written evidence, satisfactory to Westchester, of the termination of any past, present and future liability under the Bond.

36. Westchester, in writing, requested collateral from the Indemnitors by way of, among other things, the September Collateral Demand.

37. The Indemnitors have failed and/or refused to comply with the September Collateral Demand.

38. Westchester, in writing, requested collateral from the Indemnitors by way of, among other things, the December Collateral Demand.

39. The Indemnitors have failed and/or refused to comply with the December Collateral Demand.

40. The Indemnitors have breached their joint and several obligation to pay or cause to be paid to Westchester collateral security.

**WHEREFORE**, Westchester respectfully demands judgment against all Indemnitors, jointly and severally, for specific performance as follows:

(a) ordering and directing the Indemnitors, and each of them, and their officers, agents, employees, attorneys and other persons acting on their behalf, to immediately deposit collateral with Westchester in the amount of $3,500,000.00; and,

(b) restraining and enjoining the Indemnitors, their companies and their agents from transferring, encumbering or otherwise disposing of, and from concealing and secreting any of their property and assets, real, personal and mixed, whether jointly or solely owned, which might serve as collateral so as to secure Westchester from liability herein until the Indemnitors shall furnish to Westchester competent written evidence, satisfactory to Westchester, of the termination of any past, present and future liability under the Bond; and,

(c) restraining and enjoining the Indemnitors, their companies and their agents from transferring, encumbering or otherwise disposing of, and from concealing and secreting any and all proceeds of the Sale (whether previously received or to be received in the future), or any assets obtained or realized in connection with such Sale proceeds, and

shall furnish to Westchester a full and complete accounting of any and all proceeds of the Sale; and,

(d) requiring the Indemnitors, their companies and their agents to provide Westchester with a full and complete accounting of all assets owned by them or anyone or any of them in which they or any one of them may have an interest; and,

(e) requiring the Indemnitors to allow Westchester full and complete access to all financial books, records, documents and accounts maintained by them or any one of them in which they may have an interest; and,

(f) awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Contractual Indemnification)

41. Westchester repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

42. The Indemnity Agreement provides that the Indemnitors are jointly and severally obligated to, among other things:

> … indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses . . . , which SURETY shall at any time incur by reason of its execution of any Bond ….

43. Westchester, as surety, executed the Bond on behalf of AEL, as principal(s).

44. Westchester has incurred unreimbursed loss, costs and/or expenses, including attorneys' fees, in connection with, among other things, Westchester's execution of the Bond.

45. The Indemnitors have failed and/or refused to honor their obligations under the Indemnity Agreement, and have otherwise breached the Indemnity Agreement.

46. As a direct result of the Indemnitors' failure and/or refusal to honor their obligations under Indemnity Agreement, Westchester has sustained damages, costs and expenses, including attorneys' fees, and will continue to sustain damages, costs and expenses, including attorneys' fees.

47. Based on the foregoing, the Indemnitors are jointly and severally liable to Westchester for damages, losses, costs, expenses and/or attorneys' fees it has sustained to date, and for any and all liability, losses, costs, expenses and attorneys' fees that may be incurred by Westchester in the future.

**WHEREFORE**, Westchester demands that judgment be entered against the Indemnitors, jointly and severally:

(a) for contractual indemnification for any and all unpaid premium(s) and/or any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and/or expenses incurred by Westchester, and any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and/or expenses to be incurred by Westchester, together with appropriate interest thereon; and,

(b) for declaratory relief, declaring the Indemnitors jointly and severally liable to Westchester for all liability, claim, demand, loss, damages, expense, cost, attorney's fees and/or expenses to which Westchester may be exposed or which it may sustain; and,

(c) awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of the Indemnity Agreement)

48. Westchester repeats and re-avers each and every one of the allegations set forth in the preceding paragraphs of this Complaint with the same force and effect as if each were fully set forth at length herein.

49. Westchester, as surety, executed the Bond on behalf of AEL, as principal(s).

50. The Indemnity Agreement provides that the Indemnitors are jointly and severally obligated to, among other things:

> . . . . indemnify and save harmless the SURETY from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and expenses . . . , which SURETY shall at any time incur by reason of its execution of any Bond . . . .

51. Westchester has incurred unreimbursed losses, costs and/or expenses, including attorneys' fees, in connection with, among other things, Westchester's execution of the Bond

52. Under the Indemnity Agreement, the Indemnitors are jointly and severally obligated to:

> pay or cause to be paid to the SURETY, …, upon written request by the SURETY at any time, collateral security for its suretyship until the INDEMNITORS shall furnish to the SURETY competent written evidence, satisfactory to the SURETY, of the termination of any past, present and future liability under any Bond.

53. To date, Westchester has not been furnished with competent written evidence, satisfactory to Westchester, of the termination of any past, present and future liability under the Bond.

54. Westchester, in writing, requested collateral from the Indemnitors by way of, among other things, the September Collateral Demand.

55. The Indemnitors have failed and/or refused to comply with the September Collateral Demand.

56. Westchester, in writing, requested collateral from the Indemnitors by way of, among other things, the December Collateral Demand.

57. The Indemnitors have failed and/or refused to comply with the December Collateral Demand.

58. The Indemnitors have breached their joint and several obligation to indemnify and save harmless Westchester from and against any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and/or expenses incurred by Westchester.

59. The Indemnitors have breached their joint and several obligation to pay or cause to be paid to Westchester collateral security.

**WHEREFORE**, Westchester demands that judgment be entered against the Indemnitors, jointly and severally:

(a) for declaratory relief, declaring the Indemnitors jointly and severally liable to Westchester in the amount of no less than $3,500,000.00, plus costs and expenses, including attorneys' fees; and,

(b) for contractual indemnification for any and all unpaid premium(s) and/or any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and/or expenses incurred by Westchester, and any and all liability, claim, demand, loss, damages, expense, cost, attorney's fees and/or expenses to be incurred by Westchester, together with appropriate interest thereon;

(c) awarding interest, costs of suit, attorneys' fees and such other and further relief as may be just and equitable.

|  |  |
|---|---|
|  | McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP<br>*Attorneys for Plaintiff,*<br>*Westchester Fire Insurance Company* |
| Dated: February 2, 2021 | By: */s/ Michael C. Delaney*<br>    Michael C. Delaney, Esq.<br>    Michael R. Morano, Esq. (*pro hac vice* to be sought) |